UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ADAMA STUDIOS LLC and TERRA STUDIO LTD.,

                                            Plaintiffs,

-against-

SHUNCHAO TANG a/k/a VERTPLANTER.COM,

                                            Defendant.

------------------------------------------------------------------------X

For Online Publication Only

**ORDER**

23-cv-05842 (JMA) (ARL)

FILED
CLERK
9:40 am, Jun 03, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Adama Studios LLC and Terra Studio Ltd.'s ("Plaintiffs") motion for default judgment ("Motion") against Defendant Shunchao Tang, also known as Vertplanter.com ("Defendant"). For the below reasons, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

## I. DISCUSSION

### A. Defendant Defaulted.

On August 1, 2023, Plaintiffs commenced this action ("Action") by filing a Complaint against Defendant, which alleged federal claims of patent infringement, copyright infringement, trademark infringement, unfair competition, and false advertising.[1] (See ECF No. 1 ("Compl").) On August 22, 2023, Defendant was properly served with a copy of the Summons and Complaint. (See ECF No. 10.)

Following expiration of Defendant's deadline to respond to Plaintiffs' Complaint, Plaintiffs requested a Certificate of Default from the Clerk of this Court ("Clerk") on September 20, 2023. (See ECF No. 12.) The same day, the Clerk entered a Certificate of Default against Defendant. (See ECF No. 13.)

---

[1]     Plaintiffs also brought claims for (i) common law unfair competition and (ii) deceptive businesses practices and advertisement under New York Law. (See Compl., ECF No. 1.)

On November 2, 2023, the Court directed Plaintiffs to file the instant Motion for Default Judgment against Defendant. (See Elec. Order, Nov. 2, 2023.) On November 15, 2023, Plaintiffs did so. (See ECF No. 14-1 ("Pls.' Mot.").) To this day, Defendant has failed to respond to this Action in any way.

**B. Liability.**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, this Court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, this Court must accept well-pled allegations "as true" and determine whether they establish the defendant's liability as a matter of law. Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

In their Motion, Plaintiffs contend they have established liability on their claims against Defendant for (i) patent infringement; (ii) copyright infringement; (iii) federal trademark infringement; and (iv) federal false advertising.[2] (See Compl. ¶¶ 35–52, 59–63, ECF No. 1.) The Court examines each claim in turn.

    1.    Patent Infringement.

Plaintiffs allege Defendant is liable for both direct and indirect infringement of Plaintiffs' patent in violation of the Patent Act, 35 U.S.C. § 271. Under the Patent Act, "whoever without

---

[2] Plaintiffs also bring claims for (i) federal unfair competition, (ii) common law unfair competition, and (iii) deceptive businesses practices and advertisement under New York Law. (See Compl. ¶¶ 53–58, 64–70, ECF No. 1.) But Plaintiffs do not move for default judgment on these claims.

2

authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). There are "five elements of a patent infringement pleading, to (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing Phonometrics, Inc. v. Hosp. Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000)); see also Display Techs., LLC v. Leantegra, Inc., 2022 WL 354667, at *3 (S.D.N.Y. Feb. 7, 2022).

Plaintiffs have satisfied each of the five elements required to establish Defendant's liability for patent infringement. First, Plaintiffs allege Terra Studio Ltd. owns one patent pertaining to its tevaplanter® Product: United States Patent No. 11,576,315 ("the '315 Patent"). (See Compl. ¶¶ 35–40; see also Ex. A, ECF No. 1-1.) Second, Plaintiffs identify the Defendant, Vertplanter.com, as the business selling the infringing product ("VertPlanter"). (See id. ¶ 3.) Third, Plaintiffs specifically cite to the aforementioned patent as the one being infringed. (Id. ¶¶ 37–39.) Fourth, Plaintiffs state how Defendant infringed their patent. (Id. ¶ 37.) Finally, Plaintiffs have specified that Defendant violated patent law 35 U.S.C. § 271. (Id. ¶¶ 35–40.)

Having satisfied all five elements, default judgment is granted in Plaintiffs' favor for direct patent infringement claims under 35 U.S.C. § 271(a). Because this Court finds Defendant liable for direct patent infringement under 35 U.S.C. § 271(a) for Terra Studio's '315 Patent, it need not address Plaintiffs' additional theory of indirect infringement. See 35 U.S.C. § 271(b)–(c).

    2.    Copyright Infringement.

Plaintiffs allege that Defendant has infringed, and continues to infringe, Plaintiff Adama Studios' copyrighted text, photographs, and graphics in violation of the Copyright Act, 17 U.S.C.

3

§§ 106 & 501. (See Compl. ¶¶ 41–47.) "The Copyright Act grants the owner of the copyright the exclusive right to authorize the reproduction, distribution, and preparation of derivatives of the owner's work." Otto v. Hearst Commc'ns, Inc., 345 F. Supp. 3d 412, 424 (S.D.N.Y. 2018) (citing Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 546–47 (1985)). The Court concludes that Plaintiffs' allegations of copyright infringement in violation of 17 U.S.C. § 501 are well-pled and sufficient to establish liability.

To prevail on a copyright infringement claim, a plaintiff must demonstrate: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 51 (2d Cir. 2003) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." Id. (citing 17 U.S.C. § 410(c)).

Under the first prong, Plaintiffs have sufficiently alleged that Adama Studios is the sole owner of text, photographs, and graphics works pertaining to its kickstarter.com website that promoted the tevaplanter® product, which is covered by U.S. Copyright Registration No. TXu 2-381-272. (See Compl. ¶ 20; see also Ex. C, ECF No. 1-3.)

To satisfy the second prong, "a plaintiff must demonstrate that: '(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work].'" Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 369 (S.D.N.Y. 2020) (quoting Yurman Design, Inc. v. PAJ Inc., 262 F.3d 101, 110 (2d Cir. 2001) (alteration in original)).

Plaintiffs satisfy the first element because Defendant directly copied from Adama Studios' kickstarter.com website the text, photographs, and graphics works relating to the tevaplanter® product (i) when it created its own website, Vertplanter.com; and (ii) when it created an

4

instructional insert used in connection with VertPlanter product.  (See Compl. ¶¶ 26–27, 42–46; see also Ex. E, ECF No. 1-5.)

Plaintiffs satisfy the second element because they established a "substantial similarity" between the two texts, photographs, and graphics works relating to the tevaplanter® product.  Here, Plaintiffs show that an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Hamil Am. Inc. v. GFI, 193 F.3d 92, 100 (2d Cir. 1999) (quoting Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960) (L. Hand, J.)).  A side-by-side comparison of Plaintiffs' and Defendant's works products reveals a clear substantial similarity.  (See Ex. E, ECF No. 1-5.)

Accordingly, Plaintiffs have successfully demonstrated copyright infringement, and default judgment is granted in their favor for the claim.

3. Federal Trademark Infringement.

To succeed on a trademark infringement claim, Plaintiffs must allege that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale ... or advertising of goods or services,' (5) without the plaintiff's consent." Canon U.S.A., Inc. v. F & E Trading LLC, 2017 WL 4357339, at *5 (E.D.N.Y. Sept. 29, 2017) (quoting 1–800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 406 (2d Cir. 2005), cert denied, 546 U.S. 1033 (2005)).  Additionally, "the plaintiff[s] must show that defendant's use of that mark 'is likely to cause confusion ... as to the affiliation, connection, or association of [defendant] with [plaintiffs], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiffs].'" 1–800 Contacts, 414 F.3d at 406 (quoting 15 U.S.C. § 1125(a)(1)(A)) (alterations in original); see also Estee Lauder Inc. v. The Gap, Inc., 108 F.3d 1503, 1508–09 (2d Cir. 1997).

Here, Plaintiff Adama Studios alleges it is—and was at all relevant times—the owner of a federal trademark registration, Reg. No. 6,495,232 issued by the USPTO, for the TEVAPLANTER mark for flowers and plants planters. (See Compl. ¶ 18; see also Ex. B, ECF No. 1-2.) Adama Studios has used the term TEVAPLANTER to identify the source of the product and has used that trademark to designate the source of the product.

Defendant allegedly uses the term TEVAPLANTER to confuse the consuming public. Specifically, Defendant allegedly included the designation #tevaplanter on social media—including on Instagram—as part of the promotion of his own VertPlanter product. (See Compl. ¶ 50.) Doing so allegedly trades off Plaintiffs' name and reputation and creates at least initial interest confusion to lure consumers into investigating Defendant's product. (See id.) Defendant allegedly provides his VertPlanter to the customer—and in the process—deceptively lures customers away from Plaintiffs' products by using Plaintiffs' trademark. (See id.) Defendant, however, owns no rights in the TEVAPLANTER designation.

Despite proper service, Defendant has failed to appear and deny/dispute Plaintiffs' allegations as to their ownership and registration of their trademark. Defendant has also failed to deny or dispute Plaintiffs' allegations that Defendant acted willfully in infringing Adama Studios' trademark in commerce regarding the sale or advertising of goods. Therefore, accepting as true all the factual allegations about Defendant's trademark infringement contained in Plaintiffs' Complaint, the Court concludes Plaintiffs have sufficiently alleged facts to support their trademark infringement claim against Defendant, and the Court enters default judgment on that claim.

4. <u>Federal False Advertising</u>.

Plaintiffs also claim false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (See Compl. ¶¶ 59–63.) "To state a false advertising claim under Section 43(a), a plaintiff must first plausibly allege the falsity of the challenged statement." <u>Int'l Code Council, Inc. v.</u>

UpCodes Inc., 43 F.4th 46, 56 (2d Cir. 2022).  "In addition to falsity, the plaintiff must also plausibly allege materiality, i.e., 'that the false or misleading representation involved an inherent or material quality of the product.'"  Id. (quoting Apotex Inc. v. Acorda Therapeutics, Inc., 823 F.3d 51, 63 (2d Cir. 2016)).  Finally, Plaintiffs must plausibly assert "that the defendant placed the false or misleading statement in interstate commerce, and that the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products."  Id. (quoting Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 255 (2d Cir. 2014) (alteration, internal quotation marks, and citations omitted)).

A plaintiff can demonstrate falsity either by showing: (1) literal falsity, i.e., "that the challenged advertisement is ... false on its face," or (2) implied falsity, i.e., "that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers." Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 112 (2d Cir. 2010) (quoting Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 153 (2d Cir. 2007)).

"A message can only be literally false if it is unambiguous." Church & Dwight Co., v. SPD Swiss Precision Diagnostics, GmBH, 843 F.3d 48, 65 (2d Cir. 2016).  The Second Circuit has explained that "a district court evaluating whether an advertisement is literally false must analyze the message conveyed in full context, i.e., it must consider the advertisement in its entirety and not engage in disputatious dissection."  Time Warner, 497 F.3d at 158 (internal quotation marks, citations and alterations omitted).  "A court may find a statement literally false by necessary implication, without considering extrinsic evidence, when the advertisement's 'words or images, considered in context, necessarily and unambiguously imply a false message.'"  Church & Dwight Co., 843 F.3d at 67 n.8 (quoting Time Warner Cable, 497 F.3d at 148).

On the other hand, an "impliedly false" message "leaves 'an impression on the listener or viewer that conflicts with reality.'"  Id. at 65 (quoting Time Warner, 497 F.3d at 153).  The Second

7

Circuit has warned that "[i]mplied falsity should not be confused with literal falsity by necessary implication." Id. at 67 n.8. Impliedly false statements can be ambiguous, but their falsity is usually "demonstrated through extrinsic evidence of consumer confusion or through evidence of the defendant's deliberate deception, which creates a rebuttable presumption of consumer confusion." Id. (citation omitted).

Here, Plaintiffs satisfy all the elements of a false advertising claim. First, Defendant engaged in false advertising on its website by falsely claiming that he "created . . . a proprietary ceramic material" used in the VertPlanter product—i.e., porous ceramic material. (Pls.' Mot. at 7, ECF No. 14-1.) Plaintiffs adequately pleaded that Defendant's claim was a literal falsity because the clay used in the VertPlanter product is just "ordinary clay." (See Compl. ¶ 30.) This statement is literally false as pled because it "necessarily and unambiguously impl[ies] a false message" about the VertPlanter product. Time Warner, 497 F.3d at 148. Additionally, the picture used in the insert accompanying Defendant's VertPlanter product does not feature his product; rather, the picture is an exact copy of a photograph taken by an electron microscope of Plaintiffs' tevaplanter® hydroponic planter. (See id. ¶¶ 28–31.) On this score too, Plaintiffs adequately pleaded Defendant's insert is a literal falsity; it "unambiguously impl[ies] a false message" that Defendant's own product contains the same features as Plaintiffs' product. Time Warner, 497 F.3d at 148.

Second, Defendant's false claim involved an inherent or material quality of the VertPlanter product—i.e., its substantive makeup. See Int'l Code Council, Inc., at 43 F.4th 56. The allegedly false statement must be "likely to influence purchasing decisions." Apotex Inc., 823 F.3d at 63. In this Court's view, Plaintiffs' allegations that Defendant's false advertising was "likely to influence purchasing decisions" are plausible.

Finally, Plaintiffs plausibly assert that "that the defendant placed the false or misleading statement in interstate commerce, and that the plaintiff[s] ha[ve] been injured as a result of the

misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with [their] products." Merck Eprova AG, 760 F.3d at 255 (alteration, internal quotation marks, and citations omitted). Plaintiffs adequately pleaded that Defendant advertised pictures of the tevaplanter® product on social media (including Instagram) to promote his own VertPlanter product. (See Compl. ¶¶ 24–25, 60–61.) And Plaintiffs adequately plead they are being harmed by the misrepresentation by direct diversion of sales and by a lessening of goodwill associated with their product. (Id. ¶ 62.)

Accordingly, the Court concludes Plaintiffs have sufficiently alleged facts to support their false advertising claim against Defendant, and the Court enters default judgment on that claim.

## C. Injunctive Relief.

Plaintiffs also seek a permanent injunction enjoining Defendant, his agents, servants, employees, and those in active concert or participation with him or any of them, from (i) infringing Plaintiffs' patent; (ii) infringing Adama Studios' copyrighted text, photographs, and graphics; (iii) imitating, copying, reproducing, or using in any manner the TEVAPLANTER trademark; (iv) further engaging in false or deceptive advertising in the offering for sale of Plaintiffs' products; (v) representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, his business, or any of his goods and services, are authorized or sponsored by Plaintiffs; and (vi) otherwise competing unfairly with Plaintiffs in any manner. (See Compl., at 13–14.) Plaintiffs also seek injunctive relief directing third party internet service providers to stop providing their services to Defendant due to his sale of the infringing VertPlanter product. (Pls.' Mot. at 9–10, ECF No. 14-1.)

### 1. Injunctive Relief Directed to Defendant.

It is well-established that a court may grant a permanent injunction as part of a default judgment. See, e.g., Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546–47 (S.D.N.Y.

9

2015) (collecting cases); see also Campbell v. Huertas, 2023 WL 1967512, at *10 (E.D.N.Y. Feb. 13, 2023). To obtain an injunction, Plaintiffs must show that "(1) [they are] entitled to injunctive relief under the applicable statute, and (2) [they] meet[] the prerequisites for the issuance of an injunction." CommScope, Inc. of N. Carolina v. Commscope (U.S.A.) Int'l Grp. Co., 809 F. Supp. 2d 33, 41 (N.D.N.Y. 2011) (citations omitted). Those "prerequisites," id., are four-fold, see S.E.C. v. Citigroup Glob. Mkts., Inc., 752 F.3d 285, 296 (2d Cir. 2014). Once liability is established, a permanent injunction should be granted when a plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

Plaintiffs have established Defendant's liability under the Patent Act, the Copyright Act, and the Lanham Act. See supra, at 2–9. All three of the statutes empower a court to order injunctive relief. See 35 U.S.C. § 283; see also 17 U.S.C. § 502; 15 U.S.C. § 1116(a). So Plaintiffs are entitled to an injunction under the Patent Act, the Copyright Act, and the Lanham Act if the four eBay factors cited above weigh in favor of that remedy. In this case, all four factors weigh in favor of Plaintiffs.

      a.    *Irreparable Harm*.

First, Plaintiffs' injunction as to the Defendant is appropriate because they have adequately pleaded that they suffered an irreparable injury. In trademark infringement cases, irreparable harm is almost always found where a probability of confusion exists because of the "unique nature of the trademark's function in representing such an intangible asset as reputation and good will." See Johnson & Johnson v. Azam Int'l Trading, 2013 WL 4048295, at *12 (E.D.N.Y. Aug. 9, 2013) (cleaned up) (internal quotations and citation omitted). Given the likelihood of confusion arising

10

from Defendant's conduct, discussed supra, Plaintiffs would lose control of their reputation and goodwill, causing irreparable harm in the absence of an injunction. See U.S. Polo Ass'n, Inc. v. PRL U.S.A. Holdings, Inc., 800 F. Supp. 2d 515, 540–41 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013) (summary order). Without injunctive relief, Defendant will simply continue infringing, as he indeed has done despite a cease-and-desist letter and takedown notices sent by Plaintiffs. (See Compl. ¶¶ 33–34.) Additionally, the Lanham Act creates a rebuttable presumption of irreparable harm where—as here—a violation is shown. See 15 U.S.C. § 1116(a). By failing to respond to this Action, Defendant has not rebutted the presumption.

        b.    *Remedies at Law are Inadequate*.

Second, Plaintiffs' requested injunction as to the Defendant is appropriate because their loss of reputation and goodwill cannot be quantified, and no adequate remedy at law can compensate Plaintiffs. See U.S. Polo Ass'n, Inc., 800 F. Supp. 2d at 541 (citing Northwestern Nat'l Ins. Co. of Milwaukee, Wisc. v. Alberts, 937 F.2d 77, 80 (2d Cir. 1991)); see also Stark Carpet Corp v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 158 (E.D.N.Y. 2013) ("A defendant's refusal to appear in this action demonstrates the inadequacy of plaintiff's remedies at law.") (citation omitted). Defendant's business is based in China, and Plaintiffs have no real possibility of collecting on a judgment. Cf. Sylo Supply, Inc. v. Juzihao Res. Mgmt. Co., 2023 WL 6370863, at *14 (E.D.N.Y. Sept. 28, 2023), report and recommendation adopted, 2023 WL 6845865 (E.D.N.Y. Oct. 17, 2023) ("Here, because Defendants are foreign entities and an individual located outside the United States, there is serious doubt that Plaintiffs will be successful in collecting any monetary award the Court could issue.") (cleaned up).

        c.    *Balance of Hardships Weighs in Plaintiffs' Favor*.

Similarly, the balance of hardships weighs in favor of injunctive relief because Plaintiffs have spent time, money, and resources to establish, develop, and promote their product, patent,

11

copyright, and trademark.  See Stark Carpet Corp., 954 F. Supp. 2d at 163–64 (observing that most courts typically find injunctive relief proper where plaintiff offers evidence that losing control of its mark would cause significant harm); Campbell, 2023 WL 1967512, at *10.  Moreover, it is "axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted).

        d.     *Public Interest Would Not Be Disserved by Injunction*.

"Finally, the public interest is served by issuing injunctive relief because it would protect the public from deception, mistake, and confusion." See Campbell, 2023 WL 1967512, at *11 (citing New York City Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010) ("[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality.")); Ideavillage Prod. Corp v. OhMyGod 1, 2020 WL 6747033, at *4 (S.D.N.Y. Nov. 17, 2020) ("A permanent injunction would also promote the public interest in freedom from deception in the marketing of consumer goods.").  Moreover, "[c]ourts have regularly found that there is a strong public policy interest in protecting intellectual property rights." Smart Billiard Lighting, LLC v. Lucid Ball Sports, Inc., 2023 WL 4420222, at *2 (E.D.N.Y. Jul. 10, 2023).  Thus, the Court finds that the public interest would be served by the entering of an injunction against Defendant.

    2.    <u>Injunctive Relief Directed to Third Party Internet Platforms Providing Services to Defendant's Sale of the Infringing Product.</u>

Rule 65 of the Federal Rules of Civil Procedure, which governs the Court's power to permanently enjoin parties and non-parties to a dispute, authorizes the Court to enjoin "only" the following who receive actual notice of an injunction: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." FED. R. CIV. P. 65(d)(2). Plaintiffs seeks injunctive relief directed at various internet platforms on which Defendant offers

12

and sells his infringing VertPlanter product: (i) Cloudfare; (ii) Amazon; and (iii) Instagram, TikTok, and Facebook. (Pls.' Mot. at 10, ECF No. 14-1.) Plaintiffs do not, however, make any showing whatsoever that any of these platforms are in active concert or participation with Defendant to offer his infringing product to the marketplace. Rule 65(d) requires "clear and convincing proof" that "'an enjoined party is substantially intertwined with a non-party,'" but such proof is lacking here. Next Invs., LLC v. Bank of China, 12 F.4th 119, 134 (2d. Cir. 2021) (quoting Nike, Inc. v. Wu, 2020 WL 257475, at *19 (S.D.N.Y. Jan. 17, 2020)). Accordingly, the Court denies—without prejudice—Plaintiffs' request for injunctive relief and their proposed judgment with respect to the above-mentioned internet service providers

\* \* \*

As a result, Plaintiffs' request for a permanent injunction is granted in part and denied in part. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant, his agents, servants, employees, and those in active concert or participation with him or any of them, are permanently enjoined and restrained:

1. From further importing, selling or offering for sale the VertPlanter Product or otherwise infringing the '315 Patent;

2. From further infringing Adama Studios' copyrighted text, photographs, and graphics;

3. From imitating, copying, reproducing, or using in any manner the TEVAPLANTER mark;

4. From further engaging in false or deceptive advertising in the offering for sale of its products;

5. From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, his business, or any of his goods and services, are authorized or sponsored by Plaintiffs; and

6. From otherwise competing unfairly with Plaintiffs in any manner.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment is GRANTED IN PART and DENIED IN PART as follows. Plaintiffs' Motion is granted as to Defendant Shunchao Tang, also known as Vertplanter.com, and Defendant is permanently enjoined from (i) importing, selling, or offering for sale the VertPlanter Product or otherwise infringing the '315 Patent; (ii) infringing Adama Studios' copyrighted text, photographs, and graphics; (iii) imitating, copying, reproducing, or using in any manner the TEVAPLANTER mark; (iv) engaging in false or deceptive advertising in the offering for sale of its products; (v) representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, his business, or any of his goods and services, are authorized or sponsored by Plaintiffs; and (vi) otherwise competing unfairly with Plaintiffs in any manner.

However, Plaintiffs' request for permanent injunctive relief (i) directing Amazon.com to disable various listings on its website; (ii) directing Cloudfare to disable the VertPlanter website and cease all services associated with the website; and (iii) directing Instagram, TikTok, and Facebook to disable various pages on their respective websites, is denied without prejudice because the request is premature. See Fed. R. Civ. P. 65(d)(2); see also Arista Recs., LLC v. Tkach, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015).

**SO ORDERED.**

Dated: June 3, 2024
Central Islip, New York

/s/   JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

14